

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| KEITH A. GORDON, | * | CIVIL ACTION |
| Plaintiff | * | |
| VERSUS | * | Case No.: |
| CENEDRA D. LEE, COX MEDICAL FACILITY, DEREK S. DYESS; ERIC L. RUSHING, CENTRAL MISSISSIPPI MEDICAL CENTER, MESERET TEFERRA, FAMILY HEALTH CARE CLINIC; XYZ INSURANCE COMPAN(IES); et al., | * * * * | 3:17cv84DPJ-FKB |
| Defendants | * | |

### PETITION FOR TORT DAMAGES
### JURY TRIAL DEMANDED

**COMES NOW,** through undersigned associate, Plaintiff Keith A. Gordon, in propria persona, out of an abundance of caution, moves for cause against Defendants Cenedra D. Lee, Cox Medical Facility, Derek S. Dyess; Eric L. Rushing, Central Mississippi Medical Center, Meseret Teferra, Family Health Care Clinic; XYZ Insurance Companies, et al., would state:

### PRELIMINARY SYNOPSIS

This is a civil action filed by Keith Gordon for monetary damages, exemplary damages, punitive damages, declaratory judgment; and injunctive relief under 28 U.S.C. § 1346(b); and 42 U.S.C. § 1983, alleging denial of due process and equal protection clauses, inter alia, violating the 5th, 8th; and 14th Amendments to the United States Constitution. Moreover, plaintiff alleges the tort of deliberate indifference and gross negligence relevant to loss and injuries.

## JURISDICTION

This Court has jurisdiction over plaintiff's claims of violations of federal constitutional rights pursuant to 28 U.S.C. § 1331. Moreover, this Court has supplemental jurisdiction over plaintiff's state law tort claims under 28 U.S.C. § 1367.

## PARTIES

Plaintiff is an adult citizen of the County of Copiah, State of Mississippi. At all times material hereto, Keith Gordon was initially under the care of Cox Medical Facility, Central Mississippi Medical Center; and Family Health Care Clinic when defendants were first informed and made aware that the violations exists and occurred. Moreover, plaintiff was the patient for Cox Medical Facility, Central Mississippi Medical Center; and Family Health Care Clinic, **(referred to as CMF, CMMC; and FHCC),** at all times pertinent during the events described in this suit.

Defendant is an adult citizen of the County of Hinds, State of Mississippi. Defendant Cenedra Lee is Certified Forensic Nurse for CMF and is responsible for adhering to and/or complying with hospital policies, rendering proper services, screening/interviewing all potential patients for CMF. She is a state actor and is sued in her individual, official, personal and/or private capacity; and in whatever necessary capacity is appropriate by the court.

Defendant is an adult citizen of the County of Hinds, State of Mississippi. Defendant Derek Dyess is Medicinae Doctor for CMMC and is responsible for adhering to and/or complying with hospital policies, rendering proper services, screening/interviewing all potential patients for CMMC. He is a state actor and is sued in his individual, official, personal and/or private capacity;

and in whatever necessary capacity is appropriate by the court.

Defendant is an adult citizen of the County of Hinds, State of Mississippi. Defendant Eric Rushing is Medicinae Doctor for CMMC and is responsible for adhering to and/or complying with hospital policies, rendering proper services, screening/interviewing all potential patients for CMMC. He is a state actor and is sued in his individual, official, personal and/or private capacity; and in whatever necessary capacity is appropriate by the court.

Defendant is an adult citizen of the County of Rankin, State of Mississippi. Defendant Meseret Teferra is Medicinae Doctor for FHCC and is responsible for adhering to and/or complying with hospital policies, rendering proper services, screening/interviewing all potential patients for FHCC. She is a state actor and is sued in her individual, official, personal and/or private capacity; and in whatever necessary capacity is appropriate by the court.

Defendants are adult citizens presumptively of the State of Mississippi. Defendants XYZ Insurance Company is the company that underwrites on behalf of CMF. XYZ Insurance Company are the insurers for CMF, and is generally responsible ensuring CMF would act in accordance with its policies, regulations, statutes, etc., ensuring to pay any; and all claims for damages under statute with which the defendants may be legally liable because of any wrongful acts perpetrated by its insured customers. Any and all insurers whom may be eventually named in this suit are deemed state actors and are sued in their individual, official, personal and/or private capacities; and in whatever necessary capacities are appropriate by the court.

Defendants are adult citizens presumptively of the State of Mississippi. Defendants XYZ Insurance Company is the company that underwrites on behalf of

CMMC. XYZ Insurance Company are the insurers for CMMC, and is generally responsible ensuring CMMC would act in accordance with its policies, regulations, statutes, etc., ensuring to pay any; and all claims for damages under statute with which the defendants may be legally liable because of any wrongful acts perpetrated by its insured customers. Any and all insurers whom may be eventually named in this suit are deemed state actors and are sued in their individual, official, personal and/or private capacities; and in whatever necessary capacities are appropriate by the court.

Defendants are adult citizens presumptively of the State of Mississippi. Defendants XYZ Insurance Company is the company that underwrites on behalf of FHCC. XYZ Insurance Company are the insurers for FHCC, and is generally responsible ensuring FHCC would act in accordance with its policies, regulations, statutes, etc., ensuring to pay any; and all claims for damages under statute with which the defendants may be legally liable because of any wrongful acts perpetrated by its insured customers. Any and all insurers whom may be eventually named in this suit are deemed state actors and are sued in their individual, official, personal and/or private capacities; and in whatever necessary capacities appropriate by the court.

### NOTICE OF CLAIM

On October 11, 2016 plaintiff filed notice of claim to the following, Dr. Cenedra Lee, Dr. Meseret Teferra and Dr. Derek Dyess, via certified mail article numbers: 7014 2120 0000 3741 9447; 7015 1520 0000 5419 7104; and 7014 2120 0000 3741 6620. Counsel for Dr. Teferra responded to notice on November 18, 2016. On January 5, 2017 plaintiff filed additional notice of claim to the following, Dr. Eric Rushing, via certified mail article number: 7016 0750 0001 1876 9170.

## FACTS

Keith Gordon visited-conferred with Dr. Lee days prior to April 30, 2015 in regards to his medical condition (hernia). As a result Dr. Lee ordered a referral scheduling an appointment over at CMMC requesting an ultrasound following her examination. Approximately April 30, 2015 Gordon conferred with Dr. Dyess at CMMC for testings. As a result, Dr. Dyess' ultrasound was unsuccessful, unable to detect the cause of pain. Promptly thereafter, another unidentified caucasian male (medical staff) met Dr. Dyess, advising a CT scan is the proper procedure to detect hernia. Based upon the information given by the unidentified staff, still Dr. Dyess concluded his testing. Dr. Dyess discharged Gordon despite he was still experiencing pain. After trusting Dr. Dyess' conclusion and decision, Gordon decided to visit another facility FHCC and conferred with Dr. Teferra. This visit was days prior to February 8, 2016. Gordon conferred with Dr. Teferra in regards to experiencing pain. Following Dr. Teferra's examination, she expressed she's scheduling Gordon for ultrasound testing over at CMMC. Gordon explained he has already underwent ultrasound tests at CMMC and suggested a CT scan may be helpful. Despite Gordon's input, Dr. Teferra instead ordered and scheduled a referral to CMMC for ultrasound testing. Approximately February 8, 2016 Gordon conferred with Dr. Rushing for testing. As a result, Dr. Rushing's ultrasound was unsuccessful, unable to detect the cause of pain, and ironically acknowledged he performed the wrong testing. Dr. Rushing discharged Gordon despite he was still experiencing pain. Gordon decided to visit another medical establishment, Mississippi Baptist Medical Center **(referred to as MBMC)** emergency room, presumptively on April 7, 2016. Testing were performed, a CT scan in particular, and ascertained emergency surgery was required because a hernia was detected. Surgeon G. Edward Cope-

5

land successfully performed the procedure; eventually discharging Gordon and dispensed pain medicine, adding a prescription for future medications. Thereafter, Gordon filed several notice of claims and as a result only defendants Teferra and FHCC responded to the allegations through counsel.

### DENIAL OF DUE PROCESS AND MEDICAL SERVICE

Prior to April 30, 2015 Defendant Lee ordered a referral scheduling the appointment at CMMC. On or around April 30, 2015 Plaintiff Gordon underwent ultrasound procedure at CMMC by Defendant Dyess, per ordered by Defendant Lee. Plaintiff listened to a medical decision in which supports the wrong procedure deprived proper treatment. Defendant Dyess discharged plaintiff, advising his condition is normal.

Prior to February 8, 2016 Defendant Teferra ordered a referral scheduling the appointment at CMMC. Plaintiff communicated the test/diagnose resulted unsuccessful, suggesting CT scan procedure be had. Defendant Teferra ignored the suggestion and sought another ultrasound.
Pursuant to hospital procedure, plaintiff have the right to be treated in a dignified and respectful manner and to receive reasonable responses to reasonable requests for services; the right to care or services provided without discrimination based on socioeconomic status; the right to participate in decisions about care, including developing treatment plan; the right to be free from neglect.

February 8, 2016 plaintiff underwent ultrasound procedure at CMMC. Defendant Rushing performed the testing per ordered by Defendant Teferra. The testing concluded there was no evidence hernia exist. Defendant Rushing admits its failure due to using the wrong procedure. Despite still experiencing pain,

6

plaintiff was discharged.

April 7, 2016 plaintiff underwent emergency surgery at MBMC by Surgeon G. Edward Copeland.

Defendant Lee's failure to comply with CMF's rules, regulations; and policies barred, postponed and deprived medical services to plaintiff which subjected continuous pain and suffering; pose the risk of injuries and possible future injuries.

Defendant Dyess' failure to comply with CMMC's rules, regulations; and policies barred, postponed and deprived medical services to plaintiff which subjected continuous pain and suffering; pose the risk of injuries and possible future injuries.

Defendant Teferra's failure to comply with FHCC's rules, regulations; and policies barred, postponed and deprived medical services to plaintiff which subjected continuous pain and suffering; pose the risk of injuries and possible future injuries.

Defendant Rushing's failure to comply with CMMC's rules, regulations; and policies barred, postponed and deprived medical services to plaintiff which subjected continuous pain and suffering; pose the risk of injuries and possible future injuries.

Defendants CMF's failure to render services, correct and/or properly screen the unethical practices committed by Defendant Lee has pose the risk of injuries and possible future injuries.

Defendants CMMC's failure to render services, correct and/or properly screen the unethical practices committed by Defendants Dyess and Rushing has pose the risk of injuries and possible future injuries.

Defendants FHCC's failure to render services, correct and/or properly screen the unethical practices committed by Defendant Teferra has pose the risk of injuries and possible future injuries.

Defendant XYZ Insurance Company's failure to correct and/or properly investigate/screen the unethical practices committed by Defendants Lee and CMF, a matter that has pose the risk of future injuries.

Defendant XYZ Insurance Company's failure to correct and/or properly investigate/screen the unethical practices committed by Defendants Dyess, Rushing and CMMC, a mater that has pose the risk of future injuries.

Defendant XYZ Insurance Company's failure to correct and/or properly investigate/screen the unethical practices committed by Defendants Teferra and FHCC, a matter that has pose the risk of future injuries.

At all times relevant to the events described in this suit the defendants demonstrated deliberate indifference and gross negligence when they collectively barred, deprived and failed to correct and render proper medical services.

### CAUSE OF ACTION

Plaintiff is entitled to relief because the defendants committed acts of medical malpractice. The defendants owed plaintiff a duty of care/service but breached that duty under 28 U.S.C. § 1346(b); 42 U.S.C. § 1983. Plaintiff suffered damages and the breach of duty proximately caused the damages. Moreover, CMF, CMMC; and FHCC owed plaintiff a duty of care/service but breached the duty under §§ 1346(b); 1983. Plaintiff is entitled to direct relief and damages from CMF, CMMC; and FHCC's insurers' policies.

The tort action of Lee, Dyess, Rushing and Teferra exacerbated Gordon's situation; were done maliciously and sadistically, and constituted abridging

the rights of plaintiff, violating the 5th, 8th and 14th Amendments.

The defendants must take reasonable measures to protect, thus, the tort action of CMF, CMMC; and FHCC, committing and justifying acts of Lee, Dyess, Teferra and Rushing that exacerbated plaintiff's ordeal were done maliciously and sadistically; thereby abridging the rights of plaintiff, violating the 5th, 8th and 14th Amendments.

The failure and inertness of all defendants to correct and render proper services-treatments, inter alia, and to acknowledge plaintiff's loss and injuries (pain and suffering) constitutes the tort of gross negligence.

The concerted tort actions of Lee, Dyess, Teferra, Rushing, CMF, CMMC; and FHCC, inter alios, failure and inertness to acknowledge and provide proper services exacerbated plaintiff's ordeal were done maliciously and sadistically, and constituted deliberate indifference violating the United States Constitution.The tort action of defendants' insurers pursuant to policies and statutes, its failure and inertness to correct and preclude its customers, inter alios, were done maliciously, sadistically and negligently constituting deliberate indifference.

All defendants' concerted acts described herein resulted solely under color of state law constituting gross negligence, maliciously wanton, surreptitiousness, carelessness, deliberate indifference, inter alia, in the course and purview of their employment and authority.

At all times relevant mentioned, there exists a valid and outstanding insurance polic**(ies)** issued by the insurers, in favor of all defendants named herein, inter alios, by which said insurers has undertaken to satisfy and pay any and all claims for damages for which the defendants may be legally

9

liable because of any onus and wrongful acts perpetrated by its customers. As a consequence of the events set forth in this suit, plaintiff has a direct right of action against said insurance compan**(ies)** as the insurers of all defendants herein.

## DEMAND FOR JUDGMENT

**WHEREFORE,** plaintiff requests that after due proceedings had, that there be judgment in favor of **KEITH A. GORDON,** and against all named **DEFENDANTS,** inter alios, through the State of Mississippi, through **XYZ INSURANCE COMPANIES** and its underwriters, all businesses/corporations **(CENEDRA D. LEE; CMF, DEREK S. DYESS & ERIC L. RUSHING; CMMC, & MESERET TEFERRA, FHCC)** authorized to do and doing business in the State of Mississippi, out of abundance of caution, in their individual, official, personal and/or private capacities; and in whatever necessary capacities are appropriate, be duly cited to appear and answer this suit; that they be served with copies through their counsels thereof, holding them liable jointly, severally and in solido for such full sum described infra as the Jury and Court shall deem reasonable and proper, together with legal interest thereon, from judicial demand until paid, plus all costs of these proceedings, and for such further and other legal and equitable relief as the Jury and Court shall deem necessary and proper.

Moreover, plaintiff requests the Court grant the following relief:

Issue a declaratory judgment stating:

> (1) The unethical acts subjected upon plaintiff has violated his rights under the 5th, 8th; 14th Amendments, constituting a tort under federal and state law; including malfeasance, inter alia, under federal/state law.

10

  (2) Defendants CMF, CMMC; and FHCC's failure and inertness to take action to curb and preclude the outrageous acts subjected upon plaintiff violated his rights under the 5th, 8th and 14th Amendments.

  (3) Defendants Lee/CMF, Dyess, Rushing/CMMC; and Teferra/FHCC's acts in depriving reasonable medical service to plaintiff's ordeals violated his rights under Due Process Clause of the 5th, 8th and 14th Amendments.

  (4) Defendants XYZ Insurance Companies and its underwriters' failure and inertness to take action to curb and preclude the unethical practices committed through Cenedra Lee, CMF, Derek Dyess, Eric Rushing, CMMC; Meseret Teferra, and FHCC violated plaintiff's rights under the 5th, 8th and 14th Amendments.

Issue an injunction ordering Defendants Lee and CMF, Dyess, Rushing and CMMC; Teferra and FHCC or their agents to:

  (1) Generally remediate for plaintiff to receive any reasonable future services through CMF, CMMC; and FHCC without further discriminatory and retaliatory measures.

  (2) Comply forthwith, the necessary actions directed by the Court.

Issue an injunction ordering Defendants XYZ Insurance Companies or their agents to:

  In its entirety, act in accordance and/or in compliance with any and all relevant and necessary federal and state contracts, policies, regulations, statutes, etc., inter alia, that requires payments to plaintiff.

Award monetary damages in the following amounts:

  (1) **$950,000** jointly and severally against Lee/CMF, Dyess and Rushing/CMMC; Teferra/FHCC for the physical, emotional, mental, inter alia, and cognizable loss/injuries resulted from their failure and inertness to provide adequate and reasonable medical services to plaintiff.

(2) **$950,000** jointly and severally against Lee/CMF, Dyess and Rushing/CMMC, Teferra/FHCC; XYZ Insurance Companies for the physical, emotional, mental, inter alia, and cognizable loss/injuries sustained as a result of their Denial of Due Process.

(3) **The required sum,** jointly and severally against XYZ Insurance Companies for the physical, emotional, mental, inter alia, and cognizable loss/injuries resulted from their failure and inertness to correct and preclude the unethical practices, malpractice; inter alia, described herein.

Award exemplary damages in the following amounts:

(1) **$600,000 each** against Defendants Lee/CMF, Dyess and Rushing/CMMC; and Teferra/FHCC.

(2) **$850,000 each** against Defendants XYZ Insurance Companies; et al.

Award punitive damages in the following amounts:

(1) **$550,000 each** against Defendants Lee/CMF, Dyess and Rushing/CMMC; and Teferra/FHCC.

(2) **$950,000 each** against Defendants XYZ Insurance Companies; et al.

Grant any such other relief as it may appear that plaintiff is entitled.

**EXECUTED** on this the _1st_ day of February, 2017.

Respectfully submitted,

_/s/ Keith A. Gordon_
Keith A. Gordon, Pro Se
306 Beverly Circle
Crystal Springs, MS 39059
(504) 710-8418

-or-

Post Office Box 311
Brandon, MS 39043

Prepared by:

_/s/ W. Gordon_
W. Gordon

12

**PLEASE SERVE DEFENDANTS:**

Dr. Cenedra D. Lee, CFN
Cox Medical Facility
2964 Terry Road
Jackson, MS 39212,

Dr. Derek S. Dyess, MD
Central Mississippi Medical Center
1850 Chadwick Drive
Jackson, MS 39204,

Dr. Meseret Teferra, MD
Family Health Care Clinic
1551 West Government Street
Brandon, MS 39042,

Dr. Eric L. Rushing, MD
Central Mississippi Medical Center
1850 Chadwick Drive
Jackson, MS 39204; and

XYZ Insurance Companies, et al.
Addresses presently unknown and
plaintiff reserve the right for
service when addresses available.

## CERTIFICATE OF SERVICE

This certifies that on this _1st_ day of February 2017, filed the foregoing original and 12 copies, including an accompanying In Forma Pauperis form, with the Clerk of Court, United States District Court, Southern District of Mississippi, 501 East Court Street, Suite 5.550, Jackson, MS 39201, via certified mail article number: _7016 0750 0001 1876 9163_, and properly addressed.

SO CERTIFIED, this the _1st_ day of February, 2017.

_Keith A. Gordon_
Keith A. Gordon

13

306 Beverly Circle
Crystal Springs, MS 39059

-or-

Post Office Box 311
Brandon, MS 39043
February 1, 2017
(504) 710-8418

Office of Clerk
United States District Court
Southern District of Mississippi
501 East Court Street, Suite 5.550
Jackson, MS 39201

Re: Petition for Tort Damages

Honorable Clerk:

Please file the accompanying original petition bearing civil cover sheet, (12) copies and the In Forma Pauperis Request. Should additional copies be required, please advise.

Respectfully submitted,

Keith Gordon, Pro Se

/kag
wg

P.S: Seven (7) summons are affixed and/or accompanying the original suit.