UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KEITH A. GORDON                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:17-cv-84-DPJ-FKB

CENEDRA D. LEE; ET AL.                                            DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

On February 7, 2017, Plaintiff Keith A. Gordon filed a complaint in this Court, alleging a

number of claims against various defendants related to the diagnosis and treatment of Plaintiff's

hernia.  [1] at 5-6.  The same day, Plaintiff filed a motion for leave to proceed *in forma pauperis*

[2] requesting that the prepayment of the filing fee and costs be waived pursuant to 28 U.S.C. §

1915.  The Court deferred ruling on the motion, as Plaintiff had submitted the short-form

application, and further instructed Plaintiff to submit a fully-completed long-form application.

[4].  On March 7, 2017, Plaintiff filed his second motion for leave to proceed *in forma pauperis*

[5], which the undersigned now considers.

After a review of the sworn financial affidavit filed with the Court, it is the opinion of the

undersigned that Plaintiff is not indigent under the law and should not be allowed to proceed *in*

*forma pauperis*.  Plaintiff is self-employed, and his spouse has a job. [5] at 2.  Further, Plaintiff

states that he is "willing to meet a payment plan fitting a reasonable budget" to pay the costs of

these proceedings.  [5] at 5.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for

plaintiffs who lack the financial resources to pay any part of the statutory filing costs.  *See*

*Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir.

1988).  This court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his
> impecunity?  *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue
> hardship?  *Startti v. United States*, 415 F.2d 1115 (5th Cir.
> 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render
> himself destitute to prosecute his claim?  *Adkins v. E.I. DuPont
> de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, including the fact that he is self-employed and his spouse has a job, along with Plaintiff's statement that he is willing to meet a reasonable payment plan, the undersigned finds that Plaintiff could pay the filing costs without undue financial hardship if given ninety (90) days to pay the filing fee.  Plaintiff will not be rendered destitute by paying the filing fee, as he has a place to reside, a motor vehicle, and a monthly income. [5] at 3-4.  Because Plaintiff will not be barred from the federal courts due to lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied.  Plaintiff shall be given ninety (90) days to pay the filing fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before May 8, 2017.  If Plaintiff does not object to this recommendation, and further does not pay the filing fee by May 8, 2017, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and recommendations.  Plaintiff is further notified that failure to file written objections to the

proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

 Respectfully submitted, this the 9th day of March, 2017.


    /s/ F. Keith Ball
    UNITED STATES MAGISTRATE JUDGE