UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KEITH A. GORDON                                                                                          PLAINTIFF

V.                                            CIVIL ACTION NO. 3:17-CV-84-DPJ-KFB

CENEDRA D. LEE, COX MEDICAL FACILITY,
DEREK S. DYESS, ERIC L. RUSHING,
JACKSON HMA, LLC, MESERET TEFERRA,
FAMILY HEALTH CARE CLINIC,
XYZ INSURANCE COMPAN(IES)                      DEFENDANTS

ORDER

This medical-malpractice case is before the Court on the following motions: (1) Plaintiff Keith Gordon's Motion for Default Judgment [29]; (2) Defendants Family Health Care Clinic, Inc., ("FHCC") and Meseret Teferra's motions to set aside entry of default [37, 39]; (3) Defendants Derek S. Dyess and Eric L. Rushing's Motion to Dismiss [48]; (4) Defendant Cox Medical Facility's ("CMF") Motion to Dismiss [52]; and (5) Plaintiff Gordon's two motions for reconsideration [50, 63]. For the reasons stated below, the Court grants Defendants' motions to dismiss [48, 52] and to set aside entry of default [37, 39]. The Court denies Plaintiff's Motion for Default Judgment [29] and his two motions for reconsideration [50, 63].

Gordon's case relates to the medical treatment he received in 2015 and 2016 for a hernia. When he first presented to Defendants complaining about the pain, they ordered ultrasounds that failed to detect the problem. *See* Compl. [1] at 5. Some months later, Gordon received a CT scan; the hernia was detected; and Gordon underwent emergency surgery. *Id.* Based on these asserted facts, Gordon says Defendants committed malpractice and violated his civil rights. He therefore asserts claims under 42 U.S.C. § 1983 and state tort law. With that background, the Court turns to the pending motions.

I.      FHCC and Teferra's Motions to Set Aside Entry of Default [37, 39]

When FHCC and Teferra failed to file timely answers, Gordon moved quickly seeking and receiving Clerk's entries of default. *See* Pl.'s Mot. [27]; Clerk's Entry [32]. Defendants acted with equal efficiency, moving to set the defaults aside four days later. *See* Defs.'s Mot. [37].

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "To determine whether or not good cause is present, we consider three factors: (1) whether the default was willful; (2) whether setting aside the default judgment would prejudice plaintiffs; and (3) whether [defendant] presented a meritorious defense." *In Re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). The Court "may also consider other factors, including whether [the defendant] acted expeditiously to correct the default." *Id.* Finally, the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments." *Id.*

In this case, the failure to answer was inadvertent, not willful. When Gordon served FHCC and Teferra, counsel for those Defendants forwarded the summons to the United States Department of Health and Human Services ("HHS") believing that HHS was the proper party to the suit. *See* Defs.'s Mem. [40] at 2−4. HHS did not, however, respond to the lawsuit, and default resulted. *Id.* Defendants did not willfully refuse to answer.

As for the prejudice prong, it requires more than merely forcing the plaintiff to prove his case. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). Moreover, "mere delay does not alone constitute prejudice. Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and

collusion." *Id.* No such showing exists, especially given the speed with which both parties acted. Finally, Defendants have indicated potentially meritorious defenses.

For these reasons, the Court grants FHCC and Teferra's motions to set aside the entries of default. Defendants shall file answers within 10 days.

II. Gordon's Motion for Default Judgment [29]

Because the Court has set aside the entries of default as to FHCC and Teferra, Gordon is not entitled to default judgment as to them. But his motion for default judgment also seeks judgment as to CMF. *See* Pl.'s Mot. [29]. That request requires separate consideration.

CMF's answer was apparently due November 1, 2017, but it missed the deadline. So on November 3, CMF sought an extension of time. *See* Def.'s Mot. [26]. Gordon thereafter sought a Clerk's entry of default on November 8, but the Clerk of Court denied the request based on CMF's pending motion for an extension of time to answer. *See* Clerk's Entry [32]. CMF eventually answered within a second extension. *See* Nov. 28, 2017 Text Order; Def.'s Ans. [46].

In sum, Gordon has never obtained a Clerk's entry of default as to CMF, and CMF answered within the delay the magistrate judge ultimately granted. Under these circumstances, Gordon is not entitled to default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("After defendant's default has been entered, plaintiff may apply for a judgment based on such default."). Gordon's motion [29] is denied.[1]

---

[1] For these same reasons, Gordon's Motion for Reconsideration [50], related to the extensions CMF received, is considered moot.

III.     Dyess and Rushing [48] and CMF's [52] Motions to Dismiss

Gordon says Dyess, Rushing, and CMF violated his civil rights by failing to render proper medical care for his hernia. He therefore asserts claims against them under § 1983. To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). So a plaintiff pursuing a civil-rights claim under § 1983 must "prove that a state actor infringed on his constitutional rights." *Thornton v. Merch.*, 342 F. App'x 10, 12 (5th Cir. 2009). Defendants say they are not state actors.

The parties seem to agree that doctors Dyess and Rushing are not state employees and that CMF is a private medical facility where Gordon sought treatment. *See* Compl. [1] at 2–3, 5. But that does not necessarily mean they cannot be state actors. A private individual or entity can undertake state action "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (citation omitted). Whether that nexus exists can be viewed under at least three tests:

> Under the nexus or joint action test, "[a] non-state actor may be liable under [§] 1983 if the private citizen was a willful participant in joint activity with the State or its Agents' and the plaintiff alleges that there was '(1) an agreement between private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Agoh v. Hyatt Corp.*, 992 F. Supp. 2d 722, 741–42 (S.D. Tex. 2014) (quoting *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004)) (internal quotation marks omitted). The public function test attributes state action when a private entity "performs a function which is traditionally the exclusive province of the state." [*See*] *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989)[ ]. Finally, under the coercion or compulsion test a state "can be held responsible for a private decision [ ] when it has exercised coercive power or has provided such significant encouragement, either overt or

4

covert, that the choice must in law be deemed to be that of the State." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 242 (5th Cir. 1999).

*Lewis v. Locicero*, No. CV 15-00129-BAJ-SCR, 2016 WL 831939, at *3 (M.D. La. Feb. 29, 2016).

In this case, Gordon fails to plead any facts plausibly suggesting that Dyess, Rushing, or CMF engaged in state action based on these tests. Instead, Gordon generically pleaded that they "[are] state actor[s]." Compl. [1] at 2–3. That averment is nothing more than a legal conclusion; indeed, it states an element of the claim. *See Thornton*, 342 F. App'x at 12. And "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Otherwise, they "are not entitled to the assumption of truth." *Id.*

Gordon pushes back on this point, arguing that because he is proceeding pro se, *Iqbal* does not apply and the Court should therefore assume Defendants are state actors as Gordon pleaded. *See* Pl.'s Mem. [69] at 4. Not so. Although courts hold "pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, . . . pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing first *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); and then *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), *reh'g denied* (Oct. 14, 2016), *cert. denied*, 137 S. Ct. 1339 (2017), *reh'g denied*, 137 S. Ct. 2182 (2017) And here, there are no facts in Gordon's Complaint suggesting that the moving Defendants were state actors.

Having said that, Gordon offers a number of new theories in his various responses to Defendants' motions. But even assuming Gordon had pleaded facts supporting those theories,

5

the Complaint would still fail because the arguments are legally incorrect. For example, Gordon's most substantive response to Dyess and Rushing's motion is that those doctors "are allegedly radiologists who dictated two separate ultrasounds that had been performed on Plaintiff. It is possible 'interpreting' radiological studies has not traditionally been the exclusive province of the state, however, 'dictating' radiological studies has traditionally been the exclusive province of the state." Pl.'s Mem. [69] at 4. Gordon offers no legal authority suggesting that "dictating" medical studies is a function "traditionally [within] the *exclusive* province of the state." *Wong*, 881 F.2d at 202 (emphasis added). Obviously, it is not; private physicians routinely order tests.

Gordon has more to say as to CMF, but the arguments still lack merit. For example, he says that a nexus can exist "when a private defendant conspires with a state actor to deprive an individual of a federally protected right." Pl.'s Mem. [66] at 3. That general statement may be true, but Gordon has not offered any facts from which the Court could plausibly find such a conspiracy.

Gordon then argues that "[b]y stating a claim for relief brought under an Act of Congress, Gordon established he were [sic] deprived of a right secured by the Constitution or laws of the United States; and that the deprivation was committed under color of state law." *Id.* at 4. If that were true, then all claims brought under § 1983 would involve state action. Instead, Gordon is required to show that CMF actually engaged in state action. *Brentwood Acad.*, 531 U.S. at 295.

Similarly, he says state action occurred because CMF "misused its power possessed by virtue of state law." Pl.'s Mem. [66] at 6. But that is essentially the same argument the Fifth

6

Circuit has frequently rejected. *See Seals v. Superior Options of LA, Inc.*, 610 F. App'x 436, 437 (5th Cir. 2015) ("[T]his court has held that a hospital is not a state actor, and cannot be considered as such solely because it receives medicare and medicaid funds and is subject to state regulation."); *Wong*, 881 F. 2d at 202 (finding no state action in hospital's disciplinary action against doctor, even though statutes regulated hospital and provided limited judicial review of disciplinary action); *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348–49 (5th Cir. 1985) (finding no state involvement to support § 1983 action against private nursing home despite state regulation and public funding).[2]

So even assuming Gordon had pleaded the additional "facts" discussed in his memoranda, the Complaint would still fail to state a claim. Gordon has not presented a plausible claim that Dyess, Rushing, and CMF engaged in state action when he sought medical care from them. Absent that showing, he cannot prevail under § 1983. *Wong*, 881 F. 2d at 202. And because Gordon appears to have pleaded his best case in this regard, his § 1983 claims against these Defendants are dismissed. His state-law claims remain.

IV.     Plaintiff Gordon's Motion for Reconsideration [63]

Gordon wants the Court to reconsider the order it entered December 18, 2017 [58]. To place that request in context, some procedural history is necessary.

The present motion actually relates to an earlier Order [33] in which the Court dismissed the § 1983 claims against Jackson HMA, LLC because it was not a state actor. In doing so, the

---

[2] These arguments give the flavor of Gordon's response. Though the Court has not specifically addressed the other arguments, it did consider all of them.

Court noted that Gordon had not filed a timely response, but it nevertheless examined the legal basis of Jackson HMA, LLC's motion and found it meritorious.  *See* Order [33] at 2–3.

Once Gordon received the order dismissing the federal claims against Jackson HMA, LLC, he filed a motion for additional time to respond, stating that he thought his response would not be due until the Court gave him notice under Federal Rule of Civil Procedure 12(a)(1)(C). Pl.'s Mot. [42].  He then filed two "Objections" [43, 44], the second of which offered a five-page argument for finding that Jackson HMA, LLC, was a state actor under § 1983.  *See* Pl.'s Objection [44] at 3–7.  The Court collectively construed those pro se submissions as a motion for reconsideration; evaluated the merits of the arguments Gordon offered; but denied reconsideration of its prior order.  *See* Order [58].  Gordon now seeks reconsideration of the Order [58] denying reconsideration of the earlier Order [33].

In this latest motion, Gordon says the Court "punish[ed]" him by finding that he failed to file a timely response to Jackson HMA, LLC's motion to dismiss, and he endeavors to show that he was not delinquent.  Pl.'s Mot. [63] at 3.  Gordon first says that the response was never due because the Court failed to give notice under Rule 12(a)(1)(C).  *See id.* at 2.  As previously explained, he misconstrues that rule; no notice is required.  *See* Order [61] at 1.

Gordon next says that the Court erred in applying the deadlines found in Uniform Local Rule 7(b)(4), stating that the rule is inapplicable to pro se plaintiffs because it sets deadlines only for "counsel" to file responses.  *See* Pl.'s Mot. [63] at 3.  Although the Court can somewhat see how he might be confused, Gordon is acting as his own counsel, and Uniform Local Rule 1 states that the rules apply "in any proceeding in this court."  *See Davis v. Hinds Cty., Miss.*, No.

8

3:16-CV-674-DPJ-FKB, 2017 WL 2269010, at *1 (S.D. Miss. May 23, 2017) ("Pro se litigants must adhere to the Local Rules of Court." (citation omitted)).[3]

Aside from all that, Gordon's defense of the timeliness of his response misses the bigger point. He was not "punish[ed]" for missing the deadline. Pl.'s Mot. [63] at 3. To the contrary, the Court acknowledged his pro se status and fully considered his arguments once he filed his Objections. The Court simply found the arguments lacking and therefore denied reconsideration. *See* Order [58] at 3. And nothing has changed. Gordon still fails to show that Jackson HMA, LLC, was acting under color of state law as required to establish a § 1983 claim. *See* Order [33] at 2–3; Order [58] at 1, 3. Reconsideration is again denied. The case will proceed against Jackson HMA, LLC under state law, but Gordon has pleaded his best federal case, so the federal claims against this defendant remain dismissed.

V.     Conclusion

In sum, the Court grants Dyess and Rushing's Motion to Dismiss [48], CMF's Motion to Dismiss [52], and FHCC and Teferra's motions to set aside entry of default [37, 39]. Gordon's Motion for Default Judgment [29] and his motions for reconsideration [50, 63] are denied. Also, FHCC and Teferra are instructed to file an answer to Gordon's Complaint within 10 days of entry of this Order.

Finally, the Court believes that the parties would benefit from an early settlement conference with Judge Ball. If those efforts fail, Judge Ball can help the parties frame the issues

---

[3] The Court goes through all this to avoid any future confusion. Even if the rules did not apply to pro se plaintiffs—as they clearly do—the Court has inherent authority to set deadlines and hereby orders Gordon to follow the Uniform Local Rules. When Defendants file motions, there will be no notice from the Court, and Gordon must respond within Rule 7(b)(4)'s deadlines.

and craft an appropriate structure for completing discovery. The parties should therefore contact Judge Ball's chambers within one week to set the case for conference.

**SO ORDERED AND ADJUDGED** this the 6th day of February, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE