UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KEITH A. GORDON                                                               PLAINTIFF

V.                                                CIVIL ACTION NO. 3:17-CV-084-DPJ-KFB

CENEDRA D. LEE, ET AL.                                                     DEFENDANTS

ORDER

This matter is before the Court on the Motion to Dismiss [89] and Motion for Extension of Time [97] filed by Defendant the United States of America (the "Government"). For the reasons that follow, the Court denies the Government's motion to dismiss without prejudice and denies its motion for additional time as moot.

I.  Background

Gordon's case stems from complaints about the medical treatment he received for a hernia. After visiting other doctors, Gordon came to Dr. Meseret Teferra, a doctor at Family Health Care Clinic ("FHCC"), complaining about pain. Dr. Teferra ordered ultrasounds though Gordon told the doctor he needed a CT scan instead because an earlier ultrasound failed to detect the problem. Some months later, Gordon received a CT scan; the hernia was detected; and Gordon underwent emergency surgery. *See* Compl. [1] at 5.

Based on these and other alleged facts, Gordon alleged that Dr. Teferra and FHCC committed malpractice and violated his civil rights. He therefore asserted pro se claims against those defendants under 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"). He also asserted state-law claims against other defendants who remain in this case.

On February 27, 2018, the Government moved to substitute itself for Dr. Teferra and FHCC under the Federally Supported Health Centers Assistance Act of 1992, *see* 42 U.S.C.

§ 233. Gordon did not oppose the motion at that time—though he now does—and the Government was substituted on March 29, 2018. *See* Mar. 29, 2018 Text-Only Order.

The Government now moves to dismiss Gordon's claims against it for four reasons: (1) Gordon failed to properly serve the United States Attorney and Attorney General; (2) he did not exhaust his administrative remedies under the FTCA; (3) he failed to state a claim for relief under Mississippi law; and (4) his constitutional claims are barred. *See* Def.'s Mem. [90]. Gordon responded [95] and filed a separate memorandum of law [96]. The Government then sought a short extension before filing a three-page reply [97]. The reply did not address many of Gordon's substantive arguments.

Some of those arguments seem frivolous, but others may not be. Plus, there are jurisdictional and procedural issues the parties did not address. While it is not the Court's intent to help either side, it does have an independent duty to ensure jurisdiction and needs substantive input from the parties. Finally, there are potentially dispositive motions that neither side has addressed, yet the Court cannot rule on such issues without giving both sides notice and an opportunity to be heard. *See John Deere Co. v. Am. Nat.'l Bank, Stafford*, 809 F.2d 1190, 1192 (5th Cir. 1987).

This leaves the Court with three options: (1) deny the motion without prejudice; (2) research the issues *sua sponte*; or (3) allow the Government to file supplemental briefing. While the third option has some appeal, it would be unfair to Gordon to give the Government a second bite at the apple without allowing Gordon an opportunity to respond. And if he responded, then the Government would be entitled as the movant to the final word.

Accordingly, it is better to deny the motion without prejudice and start over with some direction from the Court.

II.     Instructions Upon Refiling

In addition to issues the parties themselves may raise during this process, the Court has questions they should address related to the Government's four grounds for dismissal.

    A.      Ineffective Service of Process

The parties seem to agree that Gordon served Dr. Teferra and FHCC rather than the United States Attorney and the Attorney General. But Gordon offers three responses: (1) service was proper; (2) even if improper, Defendants waived this defense; and (3) the Government was improperly substituted in violation of 28 U.S.C. § 2680(a) and (h) and cannot therefore assert this defense. Pl.'s Mem. [96] at 3–4. The Government offered a conclusory reply to the first argument and skipped the second two. Def.'s Reply [100] at 1.

The Government may well be correct that the method of service was insufficient. But even so, the Government needs to address Plaintiff's § 2680 and waiver arguments.

Moreover, if service was improper, both parties need to address whether dismissal should be with or without prejudice. While Federal Rule of Civil Procedure 4(m) states that dismissal for failing to timely perfect service is without prejudice, there are cases affirming dismissal with prejudice where the complaint is otherwise futile. *See Gregory v. United States*, 942 F.2d 1498, 1500–01 (10th Cir. 1991).

Under a futility theory, the Court might consider the Government's Rule 12(b)(6) arguments, but only to the extent necessary to determine whether dismissal under Rule 12(b)(5) should be with prejudice. In other words, absent proper service, the Court would not rule on the

merits under Rule 12(b)(6), but it could consider whether those arguments render the Complaint futile. Neither party addressed this issue, and the Court desires argument.[1]

B. Failure to Exhaust

The Government says Gordon failed to exhaust his FTCA claims, but Gordon says exhaustion would be futile. Pl.'s Mem. [96] at 4. The Government did not offer a reply. On this issue, the Court would like to know which subpart of Rule 12 the Government invokes. The answer affects the proper scope of the record for review. It might also affect whether the issue is jurisdictional issue. In addition, the Government needs to address Gordon's futility argument. Finally, as with the Rule 12(b)(5) argument, the Court is unsure whether a finding for the Government would lead to dismissal with or without prejudice and whether it would preclude a Rule 12(b)(6) ruling on the substantive claims.

C. Whether Gordon Failed to State a Claim under Mississippi Law

The parties agree that Gordon's FTCA claim depends on his ability to prove a medical-malpractice claim under Mississippi law. The Government says he cannot because he lacks expert testimony establishing a breach of the standard of care that proximately caused his injuries. Def.'s Mem. [90] at 6. But the cases the Government cites are in the summary-judgment context. So the parties should consider whether a plaintiff in Mississippi needs expert opinion to survive a Rule 12(b)(6) challenge in a medical-malpractice case.

---

[1] These are not academic questions. If the Government ultimately prevails on this motion and obtains the dismissal of the federal claims, the Court would be left with state-law claims among non-diverse parties. Thus, it would have to decide whether to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c). Whether dismissal is with or without prejudice could impact that analysis.

D.  Whether Gordon's Constitutional Claims are Barred

The Government sufficiently addressed this argument, but the Court remains unclear whether its ruling should reach these issues if service of process was insufficient or if Gordon failed to exhaust his administrative remedies.  Again, the parties should address those issue.

Finally, the Court is not sure what the Government means when it seeks dismissal of the "individually named federal defendants" based on immunity.  *See* Reply [100] at 3.  Assuming a valid substitution of parties, it would seem that there are no claims against the individuals that could be dismissed.

III. Conclusion

To be clear, the Court has not researched the issues it has asked the parties to address. Indeed some may be easily answered.  But at a minimum, the Court needs to hear from the parties before ruling.  So for the reasons stated, the Court denies the Government's Motion to Dismiss [89] without prejudice to refiling.  The Court would normally grant the motion for additional time given the absence of any real delay or prejudice, but because the motion to dismiss is denied without prejudice, the motion for time [97] is moot.

Finally, absent entry of a stay based on the government shutdown, the Government is given Fourteen days to file its motion.  If a stay is entered—as has occurred in most civil cases involving the United States Attorney's office—the motion will be due Fourteen days after the stay is lifted.

**SO ORDERED AND ADJUDGED** this the 11th day of January, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE